UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

April 10, 2019

MEMORANDUM TO PARTIES RE:  <u>Edwin C. Coleman v. Mark S. Devan, et al.</u>
Civil Action Nos. GLR-17-2053; GLR-18-742

Dear Parties:

Pending before the Court is Plaintiff Edwin C. Coleman's[1] Motion for Clerk's Entry of Default and Default Judgment (ECF No. 35) against Defendants M&T Bank and John W. Anderson. Upon consideration of the Motion and M&T Bank's Opposition, (ECF No. 36), the Court will grant in part and deny in part the Motion.

Federal Rule of Civil Procedure 55(a) provides for an entry of default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Here, M&T Bank has filed a Motion to Dismiss, (ECF No. 32), and is therefore not in default. The Court will therefore deny the Motion as to M&T Bank.

On February 4, 2019, the U.S. Marshal served process on Anderson. (ECF No. 27). To date, the Court has no record that Anderson has answered or otherwise defended this case.[2] The Court will therefore grant the Motion to the extent it seeks a Clerk's entry of default against Anderson.

A clerk's entry of default under Rule 55(a) is a prerequisite for default judgment under Rule 55(b). Because the Clerk has not yet entered any default in this case, the Court will deny the Motion without prejudice to the extent it seeks a default judgment against either Defendant.

For the foregoing reasons, Coleman's Motion for Clerk's Entry of Default and Default Judgment (ECF No. 35) is GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED to the extent it seeks a Clerk's entry of default against Anderson and DENIED to the extent it seeks a Clerk's entry of default against M&T Bank. The Motion is DENIED WITHOUT PREJUDICE to the extent it seeks a default judgment against either Defendant.

---

[1] The Court notes Coleman refers to himself once as Charles Muhammad in the Motion but otherwise continues to identify himself as Edwin C. Coleman, including on the signature lines for the Motion and Certificate of Service. (ECF No. 35). The Court will therefore continue to refer to him as Coleman.

[2] On February 6, 2019, an Assistant Attorney General purporting to represent Anderson filed a letter suggesting Anderson is not a Defendant in this case and that the summons was "mistakenly" served on him. (ECF No. 28). To date, the Court has no record that any counsel has entered an appearance on behalf of Anderson.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly and mail a copy to Coleman at his address of record.

Very truly yours,

/s/
George L. Russell, III
United States District Judge